UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRIENDS OF THE CAPITAL CRESCENT )
TRAIL, *et al.* )
)
Plaintiffs, )
)
v. ) Civil Case No. 14-1471 (RJL)
)
FEDERAL TRANSIT ADMINISTRATION, )
*et al.* )
) **FILED**
Federal Defendants. )
) MAR - 5 2019
v. )
) Clerk, U S District & Bankruptcy
) Courts for the District of Columbia
STATE OF MARYLAND, )
)
Defendant-Intervenor. )

## MEMORANDUM ORDER
(March __/__, 2019) [Dkt. # 175]

Plaintiffs[1] in this case moved for an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Pl.'s Renewed Mot. Attorneys' Fees and Costs [Dkt. # 175]. In their motion, plaintiffs acknowledge that the EAJA entitles them to the requested award only if they are a "prevailing party." 28 U.S.C. § 2412(d)(1)(A). Because they are not—our Circuit Court made clear that plaintiffs lost each claim they asserted in this action, *see Friends of Capital Crescent Trail v. FTA*, 877 F.3d 1051, 1066 (D.C. Cir. 2017) ("*FCCT II*")—the motion must be DENIED.

---

[1] Plaintiffs are Friends of the Capital Crescent Trail, John Macknight Fitzgerald, and Christine Real de Azua.

Plaintiffs filed this suit seeking a declaration that the federal agencies[2] tasked with reviewing and approving a commuter light rail project in Maryland, known as the Purple Line project, violated a host of statutory obligations. *See* Am. Compl. at 59-60 [Dkt # 20]. They asked the Court to set aside the Federal Transit Administration's Record of Decision ("ROD") approving the Purple Line and to issue an injunction against funding and proceeding with the project. *See id.* After I vacated the ROD on initial review, the Circuit Court reinstated it and affirmed my judgment that plaintiffs' remaining challenges to the Purple Line lacked merit. *See FCCT II*, 877 F.3d at 1062-66. The decision allowed the Purple Line project to move forward and the federal government to fund it. To say the least, this was not the result plaintiffs wanted !

Plaintiffs nevertheless argue that they prevailed in this case *in part*. When I vacated the Purple Line ROD in August 2016, I remanded the project to the defendant-agencies for additional environmental analysis. *See Friends of the Capital Crescent Trail v. FTA*, 200 F. Supp. 3d 248, 254 (D.D.C. 2016) (*"FCCT I"*) (subsequent history omitted). To be a prevailing party, plaintiffs need only have "succeeded on any significant claim affording [them] some of the relief sought." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). Plaintiffs contend that the remand I ordered in August 2016 was not altered by the Circuit Court and is encompassed within the relief they requested in this suit. This, plaintiffs conclude, means they prevailed on a claim and won some relief.

In some cases, winning a remand to an agency can render the plaintiff a prevailing

---

[2] The federal defendants in this case are the Federal Transit Administration, the Department of Transportation, the United States Fish and Wildlife Service, and the Department of the Interior.

party under the EAJA, but this is not one of them. Our Circuit Court has drawn a clear line between agency remands that qualify for fees and costs and those that do not:

> When a court retains jurisdiction, the civil action remains ongoing, and any fee motion must await final judgment. In such a case, the remand order is only an interim victory; final judgment will not be entered until proceedings on remand conclude, and the determination of prevailing-party status properly awaits the sequel (e.g., an outcome at the agency favorable to the plaintiff, as in [*Sullivan v.*] *Hudson*, 490 U.S. [877,] 881-82 [(1989)], or continued dispute in court). By contrast, when a court remands a case based on agency error *without* retaining jurisdiction, the case is terminated and the petitioner becomes a prevailing party without regard to the outcome on remand . . . .

*SecurityPoint Holdings, Inc. v. TSA*, 836 F.3d 32, 38 (D.C. Cir. 2016). My August 2016 decision falls squarely into the category of remands that do not impart prevailing party status. As a grant of *partial* summary judgment, in which I expressly "reserve[d] judgment as to . . . remaining issues," *FCCT I*, 200 F. Supp. 3d at 251, the remand order cannot be understood to have "terminate[d] the litigation" or divested my jurisdiction, *SecurityPoint Holdings*, 836 F.3d at 37 (quoting *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993)). To the contrary, after I issued my August 2016 decision, the case continued proceeding before me, the parties filed additional dispositive motions, and I entered judgment on May 29, 2017. *See* Final Judgment [Dkt. # 142]. The case was then appealed to the Circuit Court, which specifically addressed the August 2016 decision and, contrary to plaintiffs' wishes, reinstated the Purple Line ROD. *See FCCT II*, 877 F.3d at 1066. This is a case in which the determination of which party prevailed "properly await[ed]" the Court's "final judgment," *SecurityPoint Holdings*, 836 F.3d at 38, and the final judgment afforded plaintiffs none of the relief they were seeking. As such, plaintiffs are not a prevailing party

3

here.

Accordingly, it is hereby

**ORDERED** that plaintiffs' Renewed Motion for an Award of Attorneys' Fees and Costs Against the Federal Defendants Under the Equal Access to Justice Act [Dkt. # 175] is **DENIED**.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge