# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 19-5138                              September Term, 2019

FILED ON: APRIL 24, 2020

JOHN M. FITZGERALD, ET AL.,
           APPELLANTS

v.

FEDERAL TRANSIT ADMINISTRATION, ET AL.,
           APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cv-01471)

Before: ROGERS and GRIFFITH, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED**.

Appellants, plaintiffs below, are the Friends of the Capital Crescent Trail, John M. Fitzgerald, and Christine Real de Azua (hereinafter "the Friends"). They appeal the district court's denial of their motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The EAJA requires a party seeking a fee award to submit an application "within thirty days of final judgment in the action," showing "that the party is a prevailing party and is eligible to receive an award under this subsection." *Id.* § 2412(d)(1)(B). A prevailing party is "one who has succeeded on any significant claim affording it some of the relief sought," *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989), and this court has established a three-part test for prevailing party status, *see SecurityPoint Holdings, Inc. v. TSA*, 836 F.3d 32, 36 (D.C. Cir. 2016). "If the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit,' the plaintiff has

2

crossed the threshold to a fee award of some kind." *Garland*, 489 U.S. at 791–92 (alteration in original) (citation omitted). Although *Garland* interpreted "prevailing party" in the context of 42 U.S.C. § 1988, "[t]his court has previously cited § 1988 cases," including *Garland*, "in construing 'prevailing party' under EAJA." *Waterman S.S. Corp. v. Mar. Subsidy Bd.*, 901 F.2d 1119, 1121 n.1 (D.C. Cir. 1990) (collecting cases), *overruled on other grounds by SecurityPoint*, 836 F.3d at 35 & n.1.

This court's decision on the merits rejected each of the Friends' statutory challenges to the proposed Purple Line light rail project. *See Friends of Capital Crescent Trail v. Fed. Transit Admin.* ("*Friends I*"), 877 F.3d 1051, 1066 (D.C. Cir. 2017). Following the entry of final judgment, the Friends timely moved for attorneys' fees based on the district court's earlier remand to the Federal Transit Administration ("Administration") to produce an assessment of whether new information on Metrorail safety and ridership required preparation of a supplemental Environmental Impact Statement ("SEIS") for the Purple Line, as the Friends contended. Although the district court concluded that a SEIS was required, this court reversed that decision. *Friends I*, 877 F.3d at 1058–62. The Friends nevertheless contend that they are entitled to fees and expenses pertaining to their work on the phase of this litigation culminating in the district court's remand to the Administration, totaling $152,528. Essentially they maintain that the remand order satisfies the three-part test for prevailing party status and that the district court erred in construing *SecurityPoint* to foreclose their status as prevailing parties. Appellants' Br. 15, 23. Our review of prevailing party status is *de novo*. *Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 491 (D.C. Cir 2003).

The district court properly denied the Friends' fee motion on the ground that they were not prevailing parties. As the district court stated, the Friends are not prevailing parties because this court "made clear that [they] lost each claim they asserted in this action." Mem. Order at 1 (citing *Friends I*, 877 F.3d at 1066). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Garland*, 489 U.S. at 792–93; *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001); *Thomas*, 330 F.3d at 492–93. Here, the Friends did not "succeed[] on 'any significant issue in litigation,'" *Garland*, 489 U.S. at 791 (citation omitted), or secure a "material alteration of the legal relationship of the parties," *id.* at 792–93. The district court's remand order established only that further analysis was necessary to decide whether or not a SEIS was required and vacated the Administration's Record of Decision ("ROD") pending its completion. This court held that a SEIS was not required, *Friends I*, 877 F.3d at 1062, and vacatur of the ROD was error, *id.* at 1066.

The Friends maintain that by reason of the remand they obtained, in the context of the requirements of the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.*, certain relief sought in their complaint, namely further analysis and vacatur of the Administration's legally deficient decision, Appellants' Br. 3, and that in reversing the district court's SEIS decision, this court relied on the Administration's analysis on remand, *id.* at 10–12. This still fails to demonstrate

3

prevailing party status. Total victory is not required, but victory on a significant claim is. *Garland*, 489 U.S. at 791. The Friends suggest that a procedural remand is often the only available relief in administrative cases. Reply Br. 26. Even taken at face value, they continue to ignore that this court held what they sought in their Second Supplemental Complaint, ¶ 1, namely, the preparation of a SEIS, was not required. *Friends I*, 877 F.3d at 1062. Although the Friends cite *Environmental Defense Fund v. Reilly*, 1 F.3d 1254, 1257–58 (D.C. Cir. 1993), it underscores the obstacle they face, *id*. at 1257. Their reliance on *Wood v. Burwell*, 837 F.3d 969, 971 (9th Cir. 2016), is likewise misplaced insofar as there the final judgment also did not disturb the plaintiffs' procedural victory underlying the remand. *Id.* Beyond such legal arguments, the Friends' policy arguments supporting their award of fees are questions for Congress.

For these reasons, the district court properly denied the Friends' motion and this court has no occasion to address the Friends' challenge to the district court's interpretation of *SecurityPoint* as involving more than a decision on the timing when a motion for attorneys' fees is properly filed, which remains a question for a future day.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**Per Curiam**

                                          **FOR THE COURT:**
                                          Mark J. Langer, Clerk

BY:     /s/
             Daniel J. Reidy
             Deputy Clerk